IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROLLAND HANLEY,<br>Petitioner,<br>vs.<br>UNITED STATES DISTRICT COURT,<br>Respondent. | CV 26-142-M-SPW<br><br>ORDER |

Rolland Hanley ("Hanley") has filed a Petition for a Writ of Mandamus, asking this Court to compel the United States Attorney to conduct a federal criminal investigation and a "full criminal prosecution" of unidentified individuals in Montana. *See generally*, (Doc. 1.) Hanley is presently incarcerated in Stanislas, California, for a probation violation and states he is awaiting placement at a chemical dependency program. *See*, (Doc. 1-1.) A review of this Court's docket reveals no civil or criminal actions to which Hanley is a party.

Although somewhat difficult to follow, Hanley sets forth a lengthy history, beginning in 1995, which spanned events occurring in Bozeman and Butte, Montana, and involved purportedly unjust state criminal prosecutions of Hanley and the alleged collusion between various state and federal actors. (Doc. 1 at 4-

14.) Hanley claims he was ultimately coerced into entering into a plea agreement for unidentified Montana state charges and "ordered to move out of state to California." (*Id.* at 14.) It appears that Hanley wants this Court to order a prospective federal investigation into various individuals in anticipation of a future move back to Montana. (*Id.*)

The court must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). As explained below, this Court is without jurisdiction to hear Hanley's claims.

Federal court jurisdiction is limited to "cases" or "controversies" under Article III of the United States Constitution. *See, Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). For a case or controversy to exist, Hanley must have suffered an "injury in fact:" an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560. Further, there must be a "causal connection between the injury and the conduct complained of - the injury must be 'fairly…trace[able] to the challenged action of the defendant, and not…the result [of] the independent

action of some third party not before the Court.'" *Id.* (*citing Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)). Last, it must be "likely," as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Id.* at 560-61 (internal citations omitted).

It does not appear from his filing that Hanley has suffered an "injury in fact." Instead, he seeks an investigation to uncover some malfeasance that may affect his ability to return to Montana in the future. This is not an injury. Without standing, this court lacks jurisdiction over the action. Accordingly, it must be dismissed.

Even if Hanley could demonstrate an injury-in-fact, mandamus relief is not available in the instant matter. The United States Supreme Court has held that mandamus relief is "a drastic and extraordinary remedy reserved for really extraordinary cases." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004). Hanley has not shown that his case is one deserving of the drastic and extraordinary remedy of mandamus relief. Hanley asks the U.S. Attorney for the District of Montana be ordered to investigate unidentified individuals and initiate a federal prosecution. Hanley does not identify the nature of the crimes he believes to have occurred. The specific crimes matter not, however, as this court lacks the power to compel a federal criminal investigation at the request of a citizen plaintiff. *See e.g., Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001); *City of*

*Milwaukee v. Saxbe*, 546 F.2d 693, 701 (7th Cir. 1976); *Moses v. Katzenbach*, 342 F.2d 931 (D.C. Cir. 1965). The criminal investigation and/or prosecution of individuals is a discretionary function that rests with the government and may not be compelled. *Wayte v. United States*, 470 U.S. 598, 607 (1985). Thus, Hanley's claims are frivolous, and this Court is without jurisdiction to hear the mandamus petition.

Accordingly, IT IS HEREBY ORDERED that Hanley's petition is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment.

DATED this 15th day of September, 2026.

Susan P. Watters

Susan P. Watters
United States District Court